UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEMONT HOPKINS,

        Plaintiff,                  Case No. 08-12114
                                               Honorable David M. Lawson

v.

VIRGIL B. WEBB,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

The plaintiff, Lemont Hopkins, currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan, filed this *pro se* action for violations of his civil rights under 42 U.S.C. § 1983. The focus of his complaint, however, is his sentence; he argues that his minimum sentence was increased improperly due to a parole violation. The Court has considered the plaintiff's claims in light of 28 U.S.C. § 1915(e)(2) and concludes that the complaint must be dismissed.

The relief the petitioner seeks may not be granted under section 1983. The statute, part of the Prison Litigation Reform Act, provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A claim under 42 U.S.C. § 1983 brought by the petitioner is an appropriate remedy for a state prisoner challenging a *condition* of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). By contrast, "habeas corpus is the exclusive remedy for a state prisoner who challenges *the fact or duration* of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)

(emphasis added) (citation omitted).  That is what the plaintiff seeks here.  When the prisoner is challenging the fact or duration of his confinement, habeas corpus provides the only avenue of relief even if such a claim may come within the literal terms of section 1983.  *Ibid.*  Consequently, the petitioner's section1983 action is improper because he seeks the shortening of the term of confinement; he does not complain about the conditions of his confinement.  *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005).

If the plaintiff wishes to assert the claims contained in the pending complaint, he must do so by filing a habeas corpus petition under 28 U.S.C. § 2254.  The Court declines to construe the plaintiff's complaint as a habeas corpus petition because the petitioner does not allege that his claims are exhausted, *see Parker v. Phillips*, No. 01-5325, 2001 WL 1450704, at *2 (6th Cir. Nov. 7, 2001) (unpublished), and when filing his habeas corpus petition, the plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

Accordingly, it is **ORDERED** that the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 16, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 16, 2008.

s/Susan Pinkowski
SUSAN PINKOWSKI